UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:17 CR 00148 RLW |
| | ) |
| DEMAGIO SMITH, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Government files this sentencing memorandum, and respectfully requests that the Court impose a sentence for defendant Demagio Smith that recognizes the seriousness of defendant's crimes, the need for deterrence, and all the other factors in 18 U.S.C. § 3553.

**I.    The Nature, Circumstances, and Seriousness of the Offense**

Defendant pled guilty to one count of conspiring to make false statements to Medicaid. Defendant was a home health care worker. Pre-Sentence Report ("PSR"), ¶ 16. Defendant agreed to take care of two allegedly disabled women, Nova Paden[1] and another Medicaid beneficiary with the initials I.P. PSR, ¶¶ 16, 19. Defendant then signed numerous timesheets indicating to Medicaid that he was providing home health care to these two women in their homes on certain dates and times. In exchange, Smith was paid an hourly rate by the Missouri Medicaid program. PSR, ¶ 16.

Smith's statements to Medicaid in his time sheets were false for several reasons. Smith had several jobs during the timeframes that he claimed to be a home health care worker, and his

---

[1] Nova Paden is Demagio Smith's mother, and was a defendant in this case. Paden previously pled guilty to Count 5 (false statement to Medicaid) and Count 6 (Social Security fraud) under the initial Indictment in this case, and has already been sentenced.

"punch in and punch out" timecards from these other employers repeatedly conflict with his statements on his Medicaid time-sheets. PSR, ¶ 17.

Moreover, Nova Paden was neither disabled nor homebound, and did not need any Medicaid-funded care. Instead, during the time period at issue in this case, Paden was working outside the home providing care to others as a nursing aide, and her "punch in and punch out" time cards from these other employers also frequently conflict with Smith's statements to Medicaid. PSR, ¶ 18.

Finally, Smith traveled out of the State frequently, including a vacation cruise and trips to California, New Jersey, and in the Virgin Islands. Still, Smith repeatedly requested payments from Medicaid for home health care when he was actually out of town. PSR, ¶ 17. This record shows that Smith's crimes were serious because he made multiple statements to Medicaid over several years that were all blatantly false. Even after his co-defendant Nova Paden stopped receiving home health care with Medicaid, Smith kept making false statements regarding home care purportedly provided to I.P.

The Court's sentence should deter others from this conduct. *United States v. Omar*, 567 F.3d 362, 367 (8th Cir. 2009) (finding no sentencing error in health care fraud case after District Court briefly considered all the relevant factors and balanced defendant's health against seriousness of crime and need for deterrence).

## II.   History and Characteristics of the Defendant

The PSR at ¶ 89 references some issues with defendant's childhood. Certainly, the Court should take these issues into consideration at sentencing under 18 U.S.C. § 3553. However, when weighing these facts, the Court should also take account defendant's age, absence of any mental health treatment, and employment history (PSR, ¶¶ 50, 58-63). *United States v.*

*Dolehide*, 663 F.3d 343, 349 (8th Cir. 2011) (no abuse of discretion to deny downward variance to probation sentence when defendant's mental illness did not appear to have contributed to his commission of the crime and defendant knew that his conduct was wrong and unlawful).

### III. Relief Requested.

Wherefore, the Government respectfully requests that the Court sentence defendant with a sentence that recognizes all the factors in 18 U.S.C. 3553, impose restitution in the amount of $40,384 in favor of the Missouri Medicaid program, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

　/s/ Andrew J. Lay
Andrew J. Lay
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for defendant.

/s/ AUSA Andrew J. Lay

3